IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARQUISE A. GRANT, | ) | |
|     Petitioner, | ) | Civil Action No. 7:14cv00419 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Marquise A. Grant, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 convictions in the Circuit Court for the City of Martinsville.[1] Grant argues that the court abused its discretion by imposing a "lengthy sentence." I conclude that Grant did not fully exhaust his state court remedies before filing this federal habeas petition and, therefore, I will dismiss this action without prejudice.

## I.

On December 12, 2005, the Circuit Court for the City of Martinsville convicted Grant of using a firearm in committing a felony, in violation of Virginia Code § 18.2-53.1, and second degree murder, in violation of Va. Code 18.2-32. The Circuit Court sentenced Grant to forty-three years incarceration, with thirty years suspended. According to his petition, and confirmed by state court records found online, Grant has not appealed or filed a habeas petition concerning either of these convictions in any state court. Grant did, however, file a "motion to amend sentence order" in the Circuit Court, which the court denied on July 7, 2014.

---

[1] To the extent Grant may also be trying to challenge his federal criminal conviction, I note that any such claims must be raised in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. A form for filing such an action may be obtained from the Clerk's Office for the United States District Court for the Western District of Virginia, 210 Franklin Rd SW, Suite 540, Roanoke, VA 24011.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). If a petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. *See* Va. Code § 8.01-654. In this case, it is clear that Grant has yet to pursue his instant claim in the Supreme Court of Virginia. Accordingly, I conclude that Grant's petition is unexhausted.

## III.

Based on the foregoing, I will dismiss Grant's habeas petition, without prejudice, as unexhausted.

**ENTER**: This 8th day of October, 2014.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE